FILED

2020 Aug-18  AM 09:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **EDDIE DAVIS, JR.,** | } | |
| | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| | } | |
| **v.** | } | **Case No.:  2:19-cv-00781-MHH** |
| | } | |
| | } | |
| **ANDREW SAUL, Commissioner of the Social Security Administration,** | } | |
| | | |
| **Defendant.** | | |

### MEMORANDUM OPINION

Plaintiff Eddie Davis, Jr. has asked us to review a final decision of the Commissioner of Social Security under 42 U.S.C. §§ 405(g) and 1383(c).  The Commissioner denied Mr. Davis's claim for supplemental security income.  An ALJ reviewed the decision and agreed with the Commissioner.  Mr. Davis asked the Appeals Council to review the ALJ's decision, but the Appeals Council refused because the Appeals Council found that Mr. Davis waited too long to file his appeal and that he did not offer a good explanation for the late request for review.  Mr. Davis contends that he filed his appeal well before the deadline expired.  In this

1

opinion, we examine the evidence concerning Mr. Davis's appeal and the Appeals Council's decision to reject the appeal.

## I.    Background

Mr. Davis applied for supplemental security income in July 2016.  (Doc. 6-3, pp. 10, 30, 41).  In his application for benefits, Mr. Davis alleged his disabling conditions—back disorders and asthma—began on June 24, 2016.  (Doc. 6-3, pp. 10, 31, 41).  The Commissioner denied Mr. Davis's claim on September 30, 2016. (Doc. 6-3, pp. 10, 38, 42-46).  In the September 30, 2016 letter, the Commissioner explained to Mr. Davis that if Mr. Davis disagreed with the unfavorable determination, he had the right to request a hearing within 60 days of October 4, 2016.  The Commissioner advised Mr. Davis that if he requested a hearing, the Social Security Administration would "review [his] case and consider any new facts [he] ha[d]."  (Doc. 6-3, p. 42).  With the help of an attorney, Mr. Davis requested a hearing.  (Doc. 6-3, pp. 47-49; Doc. 6-4, pp. 2-7).

By letter dated March 14, 2018, the SSA advised Mr. Davis that it had set his benefits application for a hearing before an ALJ on June 28, 2018.  (Doc. 6-4, p. 23). On March 18, 2018, Mr. Davis signed an acknowledgement of receipt in which he indicated he would attend the hearing before the ALJ.  The SSA stamped the acknowledgment "RECEIVED" on March 21, 2018.  (Doc. 6-5, p. 2).  The SSA

2

mailed Mr. Davis a reminder two weeks before his scheduled hearing. (Doc. 6-5, pp. 4-5). The hearing went forward on June 28, 2018. (Doc. 6-5, p. 10). Mr. Davis was represented by an attorney at the hearing. (Doc. 6-5, pp. 10, 12).

On October 19, 2018, the ALJ issued an unfavorable decision and denied Mr. Davis's request for supplemental security income. (Doc. 6-3, pp. 7-17). In a cover letter addressed to Mr. Davis and copied to Mr. Davis's attorney, the ALJ explained to Mr. Davis that if he disagreed with her decision, he could file an appeal with the Appeals Council within 60 days. (Doc. 6-3, p. 7). The ALJ explained that the 60-day appeal window would begin "5 days after the date of notice," and the notice was dated October 19, 2018. (Doc. 6-3, p. 7). In the cover letter, the ALJ instructed Mr. Davis to mail his request for review to:

> Appeals Council
> 5107 Leesburg Pike
> Falls Church, VA 22041-3255

(Doc. 6-3, p. 7). The ALJ added: "[t]he Appeals Council will dismiss a late request unless you show you had a good reason for not filing it on time." (Doc. 6-3, p. 7).

Mr. Davis wrote a letter to the Appeals Council dated January 3, 2019. (Doc. 6-3, p. 18).[1] The letter is addressed to:

---

[1] The letter is post-marked January 4, 2019, (Doc. 6-3, p. 20), and it is stamped received in the "OAO Mailroom" on January 8, 2019, (Doc. 6-3, p. 19).

> Appeals Council
> 5107 Leesburg Pike
> Falls Church, VA, 22041-3255

(Doc. 6-3, p. 20).  In the letter, Mr. Davis stated:

Appeals Council

> I wrote the Court of Appeals to protest the Decision of the Appeals Judge Sheila E. McDonald on October 19, 2018.
>
> I would like the Appeals Court to write me back to let me no [sic] the Court received my paper work.

(Doc. 6-3, p. 18).

The Appeals Council received Mr. Davis's letter on January 8, 2019.  (Doc. 6-3, p. 19).  The Appeals Council took this letter as Mr. Davis's appeal and, in a letter dated March 27, 2019, notified Mr. Davis it planned to dismiss his appeal because it was late.  (Doc. 6-3, pp. 21-22).  In its letter to Mr. Davis, the Appeals Council explained:

> the notice of the [ALJ's] action is dated October 19, 2018.  Therefore, the last day you could file your request for review was December 24, 2018.
>
> You filed your request for review on January 8, 2019.  There is no statement or other information about why you did not file the appeal on time.

(Doc. 6-3, p. 21).  The notice also told Mr. Davis that within 30 days, he "should send [the Appeals Council] a statement showing the reason(s) why you did not file

4

the request for review within 60 days.  You should send us any evidence that supports your explanation." (Doc. 6-3, pp. 21-22).  The Appeals Council instructed Mr. Davis to put his Social Security number on his request and mail his statement to this address:

> Appeals Council
> ATTN: Branch 33,
> 5107 Leesburg Pike
> Falls Church, VA 22041-3255

(Doc. 6-3, p. 22).  The Appeals Council explained it would find Mr. Davis's appeal timely if he "had a good reason for filing late." (Doc. 6-3, p. 21).

On April 2, 2019, Mr. Davis wrote to the Appeals Council and explained:

> The Defendant mail his papper [sic] work to this Address.
>
> Appeals Councils [sic]
> 5107 Leesburg Pike
> Falls Church, VA 22041-3255
>
> The Defendant did not mail his papper [sic] works to this Address
>
> Appeals Councils
> **ATTN: Branch 33**.
> 5107 Leesburg Pike
> Falls Church, VA, 22041-3255
>
> So I guess the first appeal papper [sic] work got loss [sic] that I file November, 2018.

(Doc. 6-3, p. 24) (emphasis in letter).  Mr. Davis continued:

> The Defendant [sic], Attorney, Charles Tyler Clark, told the Defendant he won't file a [sic] appeal.  So the Defendant file a [sic] appeal in November, 2018. The Social Security Office told the Defendant he will hear from the appeal councils with in [sic] 90 days.  late [sic] in November, the Defendant call the appeal council to see if they receive his papper [sic] works.  The Clerk told the Defendant that the council have not receive his papper [sic] work.  The clerk told hem [sic] to call back in two weeks.  When the Defendant call back the clerk told him they sill [sic] have not receive his papper [sic] work.

(Doc. 6-3, p. 25).  Mr. Davis attached to his handwritten letter a copy of the October 19, 2019 ALJ letter on which he circled the address the ALJ directed him to use to file his appeal with the Appeals Council.  (Doc. 6-3, p. 27).  Mr. Davis mailed his April 2, 2019 letter to:

> Appeals Council
> ATTN: Branch 33,
> 5107 Leesburg Pike
> Falls Church, VA, 22041-3255

(Doc. 6-3, p. 29).

On April 30, 2019, the Appeals Council dismissed Mr. Davis's appeal.  (Doc. 6-3, p. 1).  The Appeals Council explained:  "[t]he request for review filed on January 4, 2019, was not filed within 60 days from the date notice of the decision was received as required by 20 C.F.R. 416.1468(a)."  (Doc. 6-3, p. 4).  The Appeals Council acknowledged Mr. Davis's claim that "he mailed a Request for Review in a timely fashion in November 2018, but that it must have gotten lost in the mail.  However, the claimant provided no proof that any document was filed with the field

office in November 2018, and the file does not show any contact with the claimant in November 2018." (Doc. 6-3, p. 4). The Appeals Council found that "there is no good cause to extend the time for filing," and it dismissed Mr. Davis's request for review. (Doc. 6-3, p. 4).

Mr. Davis then filed his appeal in this Court. (Doc. 1). Mr. Davis is handling this appeal without the help of an attorney. (Doc. 3). The Court allowed Mr. Davis to file his appeal without the prepayment of a filing fee because he is indigent. (Doc. 2).

## II.    Standard of Review

The Appeals Council's dismissal made the Commissioner's decision final and appropriate for this Court's review. *See* 42 U.S.C. § 405(g); *Smith v. Berryhill*, 139 S.Ct. 1765, 1780 (2019) ("[W]here the [Social Security Administration's] Appeals Council has dismissed a request for review as untimely after a claimant has obtained a hearing from an ALJ on the merits, that dismissal qualifies as a 'final decision … made after a hearing' within the meaning of [42] U.S.C. § 405(g)."). When a district court reviews an Appeals Council decision dismissing an appeal of an ALJ's decision based on a finding that the appeal was filed too late, the district court must determine whether the Appeals Council abused its discretion in finding that the

7

claimant failed to demonstrate good cause for his untimely request for review. *Smith*, 139 S.Ct. at 1779-80 and n.19.

## III.   Analysis

Ordinarily, when deciding whether a claimant had good cause for submitting an appeal from an ALJ's decision after the 60-day deadline, the Appeals Council must consider:

> (1) What circumstances kept [the claimant] from making the request on time;
>
> (2) Whether our action misled [the claimant];
>
> (3) Whether [the claimant] did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
>
> (4) Whether [the claimant] had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented [the claimant] from filing a timely request or from understanding or knowing about the need to file a timely request for review.

20 C.F.R. § 416.1411(a)(1-4).  In this case, Mr. Davis represented to the Appeals Council that he submitted his appeal in November 2018, well before the December 24, 2018 appeal deadline, (Doc. 6-3, pp. 24, 25), so the Appeals Council had to determine whether Mr. Davis's representation was credible.

As noted, the Appeals Council determined that Mr. Davis's representation that he filed his appeal in November 2018 was not credible because Mr. Davis "provided

no proof that any document was filed with the field office in November 2018, and the file does not show any contact with the claimant in November 2018." (Doc. 6-3, p. 4). On the record before it, the Court cannot determine whether the Appeals Council abused its discretion in rejecting Mr. Davis's representation that he filed his appeal in November 2018. True enough, when Mr. Davis submitted his April 2, 2019 response to the Appeals Council's request for an explanation for his "late" appeal, Mr. Davis did not send a copy of the appeal that he purportedly filed in November 2018. But the administrative record depicts a claimant who, over nearly three years of interaction with the SSA, met every deadline and followed every instruction the SSA provided. Mr. Davis responded to every request for information from the Commissioner, and he responded on time and frequently without the help of an attorney. (Doc. 6-3, pp. 18-20, 24-29). Moreover, the record reflects that Mr. Davis sent correspondence to the Commissioner by regular mail (*see*, *e.g.*, Doc. 6-3, pp. 20, 29), so the Commissioner should not expect him to have certified mail receipts to prove that he mailed his appeal in November 2018. Mr. Davis did send "evidence" with his April 2, 2019 letter; he enclosed the letter from the ALJ to identify the address to which he allegedly sent his appeal in November 2018. (Doc. 6-3, p. 27).

There is no evidence that the Commissioner followed up and asked Mr. Davis, who was acting *pro se*, if he had a copy of the November 2018 appeal letter. *Sims*

9

*v. Apfel*, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial.  It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits, and the Council's review is similarly broad."); *see generally Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018) ("[I]n the context of a Social Security disability adjudication we are dealing with an inquisitorial proceeding.  Few, if any, agency adjudications depart more markedly from the adversarial customs that define the American legal tradition than do SSA hearings.  In processing disability claims, the ALJs do not simply act as umpires calling balls and strikes.  They are by law investigators of the facts, and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case.").[2]  And while the Appeals Council stated that Mr. Davis's file does not contain information indicating contact with him in November 2018, the Appeals Council has not explained what sort of document it might expect to have if Mr. Davis had called to ask about his appeal, as he indicated in his April 2, 2019 letter, (Doc. 6-3, p. 25).[3]

---

[2] In his April 2, 2019 letter to the Appeals Council, Mr. Davis explained that he was handling the appeal without the help of an attorney.  The letter indicates that Mr. Davis is not a sophisticated litigant.  In fact, the record indicates that Mr. Davis did not complete high school, and he does not have a GED.  (Doc. 6-5, p. 15).

[3] The Court has reviewed the entire administrative record before it (Docs. 6-1 through 6-5) and finds no such document in the record.  In his brief, the Commissioner argues that Mr. Davis "did explain that he talked with someone in the agency's office in late November 2018, who put him on notice the agency had not received his request for review. At that point, Plaintiff was still within the 60-day period to submit his request for review, yet he has provided no explanation for why he

The Appeals Council's April 30, 2019 letter also does not address Mr. Davis's contention that communication from the SSA may have misled him and caused him to wait until January 2019 to inquire in writing about his appeal. (*See* Doc. 6-3, pp. 24, 25, 27) (describing November 2018 call to SSA in which he was told that he should expect a response to his appeal within 90 days, late November 2018 call to Appeals Council in which he was told to call back in two weeks, and ALJ letter omitting mailing address details). Mr. Davis submitted his January 3, 2019 written inquiry to the Appeals Council within in 10 days of the deadline for his appeal, three days after the close of the 2018 holiday season (December 24, 2018 through January 1, 2019), and well-within the 90-day period in which the SSA allegedly told him he should expect a response from the Appeals Council.

The Court recognizes that the Appeals Council is very busy, but the bare-bones statement concerning the Appeals Council's reasons for rejecting Mr. Davis's

---

waited until after the 60-day period had ended and until January 8 to resubmit his request." (Doc. 12, p. 8). But the Commissioner offers only part of the story. Mr. Davis stated that when he called the Appeals Council in late November 2018 to check on his appeal, he was instructed to call back in two weeks. He explained that when he called back, he was told the Appeals Council still had not received his paperwork. He then wrote to the Appeals Council on January 3, 2019 and mailed his letter on January 4, 2019. (Doc. 6-3, p. 25). The Commissioner implicitly acknowledges Mr. Davis may have taken steps to pursue his appeal, but questions why Mr. Davis did not do more. The record offers a version of events indicating Mr. Davis attempted in good faith to pursue his appeal. If the Commissioner accepts part of Mr. Davis's explanation, he should explain why he does not acknowledge the balance of Mr. Davis's explanation.

appeal does not permit this Court to determine whether the Appeals Council abused its discretion.

**Conclusion**

For the reasons discussed above, the Court remands this matter to the Appeals Council for further proceedings consistent with this opinion.  A final order will be entered separately.

**DONE** and **ORDERED** this August 17, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE